IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TYRON TERRELL TUCKER, SR.**                                                    **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 3:07CV465-LRA**

**SHERIFF MARK SHEPARD, ET AL**                                   **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

On January 9, 2008, the *pro se* plaintiff, Tyron Terrell Tucker, Sr., [hereinafter "Plaintiff"] appeared before the undersigned United States Magistrate Judge for a hearing pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). A consent to proceed before the undersigned was executed by all parties, and by Order filed January 10, 2008, District Judge William H. Barbour assigned this cause to the undersigned for all purposes. The <u>Spears</u> hearing was conducted to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. § 1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, of if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff was a convicted felon who was housed in the Pike County Jail from January 25, 2007 through the end of March, 2007. At that time he was transferred to the Lincoln County Jail until the end of April, 2007. He was transferred back to Pike County at that time and remained there until

transferred in August, 2007, to the Central Mississippi Correctional Facility in Rankin County. He remained there for twenty one days, and then was sent to the MDOC facility in Kemper County.

Plaintiff alleges that his tooth began to hurt while he was housed in the Lincoln County Jail. He requested medical attention, but that jail could not take him to a dentist because he was a Pike County inmate. Lincoln County requested permission from Pike County, but Pike County said they would come and pick him up but they would not take him to the dentist. He was then returned to Pike County and requested to see the nurse. He was treated by the nurse, Claudia Tillman, R.N. Plaintiff contends that his tooth was abscessed and it swelled from April, 2007, through August, 2007, causing him much pain. He was unable to sleep or eat due to the pain. He did see a dentist in Rankin County. After he had been in Kemper County for three months, his tooth was examined by the nurse. By then his tooth had stopped hurting, and no further treatment is necessary.

Defendants introduced Plaintiff's jail file into evidence at the hearing, and it was reviewed and authenticated by Plaintiff and admitted by the Court. It contains the medical record wherein Nurse Tillman treated Plaintiff for his toothache on May 15, 2007, and on August 10, 2007. According to these records, Plaintiff had a filling broken in his tooth on his left lower gum, and swelling was noted at the bottom of the tooth. He was treated with

Tylenol, 325 mg.  Nurse Tillman treated him again for a toothache on August 10, 2007, and prescribed 500 mg. of Tylenol, as needed.  Plaintiff acknowledged that he was treated by the nurse and received non prescriptive medications; he contends that he should have been allowed to be treated by a dentist.   Plaintiff testified that he sued Sheriff Mark Shepard and Defendant Chief Deputy Steve Rushing in their roles as the supervisors over the jail.  He did not personally request dental care from them, and this lawsuit is against them in their official capacity.  The law is clear that § 1983 liability may not be based upon a theory that a defendant was liable in a supervisory capacity--- known in the law as the theory of *respondeat superior*--- absent an unconstitutional policy or procedure.  <u>Booker v. Koonce</u>, 2 F.3d 114, 116 (5th Cir. 1993), citing <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).  There is no allegation that an unconstitutional policy existed.  Accordingly, Plaintiff's claims against Sheriff Shepard and Chief Deputy Rushing must be dismissed due to the lack of any personal involvement in Plaintiff's medical care and because they are only be sued in their supervisory capacities.

It is certainly unfortunate that Plaintiff experienced the dental problems that he did while housed in Pike County.  However, dissatisfaction with the nurse's treatment simply does not rise to the level of a constitutional violation against the jail officials, Captain Jane Causey and Captain Neal

Edmond. These Defendants instructed Plaintiff to fill out a sick call, and Plaintiff was treated by the nurse. Defendants are entitled to rely on the nurse's opinion when determining medical care under normal circumstances such as these. There is no legal requirement that jails provide treatment by a dentist for toothaches.

At most, Plaintiff has stated claims of **negligence.** 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Davidson v. Cannon</u>, 414 U.S. 344 (1986); <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). However, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006), citing <u>Mendoza v. Lynaugh</u>, 9889 F.2d 191, 193 (5th Cir. 1993). The undersigned finds no "exceptional circumstances" which would promote this claim of negligence, or improper treatment, to a constitutional claim.

In this case, Plaintiff was treated by the nurse and given pain medications. He suffers from no permanent injury, as he has required no treatment for the last few months and his tooth no longer hurts. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). A showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. Sanchez. v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Obviously, the nurse did not believe that anything more than pain medication was necessary for Plaintiff's tooth to heal. Plaintiff disagreed and wanted to see a dentist. The tooth did heal eventually. Under these circumstances, it is questionable as to whether a toothache even constitutes a "serious medical need" which would require treatment under Estelle v. Gamble. Plaintiff concedes that he received medical care by the nurse; he simply was not pleased with his care. This cannot be the basis for a constitutional violation under Estelle v. Gamble and Gobert.

For the reasons discussed herein, the Court finds that the complaint be should be and is hereby dismissed with prejudice under 28 U.S.C. § 1915(e)(2). A Final Judgment in favor of all Defendants has been entered on this date.

THIS the 5th day of February, 2008.

                                        S/Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE